# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES--GENERAL

Case No. **5:26-cv-01650-PA-DTB** Date: **April 8, 2026**

Title: **Phillip Winfield v. D. Marin, et al**

===========================================================

**DOCKET ENTRY**

===========================================================

PRESENT:

**HON. DAVID T. BRISTOW, MAGISTRATE JUDGE**

| | |
|---|---|
| Rachel Maurice | n/a |
| Deputy Clerk | Court Reporter |

| | |
|---|---|
| ATTORNEYS PRESENT FOR PETITIONER: | ATTORNEYS PRESENT FOR RESPONDENT: |
| None present | None present |

**PROCEEDINGS: (IN CHAMBERS) ORDER APPOINTING THE FEDERAL PUBLIC DEFENDER AS APPOINTMENT OF COUNSEL FOR PETITIONER**

Petitioner, an immigration detainee who is proceeding pro se, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 and requests appointment of counsel. (Docket Nos. 1, 3).

There is no absolute right to appointment of counsel in habeas proceedings. Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). Appointment of counsel may be authorized at any stage of the proceedings, however, if "the interests of justice so require[.]" 18 U.S.C. § 3006A(a)(2). The decision of whether to appoint counsel in a habeas proceeding turns on a petitioner's ability to articulate his claims pro se in light of the complexity of the legal issues involved and his likelihood of success on the merits. See Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Here, the Weygandt factors sufficiently support the appointment of counsel to represent Petitioner. The office of the Federal Public Defender for the Central District of California ("FPD") is hereby **APPOINTED** as counsel to represent Petitioner. The FPD is **ORDERED** to file a notice of appearance within **five days** of this order issuing. The Clerk of Court is **DIRECTED** to serve a copy of this order on the FPD.

**IT IS SO ORDERED.**

cc: FPD [ATTN: Jonathan_Aminoff@fd.org]

 Initials of Deputy Clerk RAM